UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-12001-GAO

| | |
|---|---|
| THOMAS WILLIAMS, Pro Se, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>KATHLEEN DENNEHY, ET AL. )<br>      Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DOC
DEFENDANTS' MOTION TO DISMISS**

Defendants submit this memorandum of law in support of their Motion to Dismiss.

**INTRODUCTION**

This is a *pro se* cause of action by plaintiff Thomas Williams, an inmate lawfully incarcerated with the Department of Correction, at all times relevant to his Complaint, housed at the Souza-Baranowski Correctional Center ("SBCC"), the Department's maximum security facility located in Shirley, Massachusetts. Plaintiff Williams has filed the Complaint in this action pursuant to 42 U.S.C. §1983, apparently seeking declaratory, injunctive and monetary relief as a result of his housing and mental illnesses. Named defendants are D.J. Hagar[1], an employee of the Department's medical contractor; the Massachusetts Department of Correction; Kathleen Dennehy, a former Commissioner of Correction; James Bender, Deputy Commissioner; Veronica Madden, Deputy Commissioner; and Timothy Hall, a former Assistant Deputy Commissioner.

Defendants Department of Correction, Kathleen Dennehy and Timothy Hall have not been served with a Summons and Complaint in this action; accordingly, they move to

dismiss pursuant to Fed.R.Civ.P. 12(b)(5). DOC defendants James Bender and Veronica Madden are entitled to judgment as a matter of law on all counts of the Complaint. Accordingly, defendants move to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

**I. DEFENDANTS KATHLEEN DENNEHY, TIMOTHY HALL AND THE DEPARTMENT OF CORRECTION MUST BE DISMISSED FOR FAILURE TO SERVE.**

Plaintiff filed his Complaint in this action on or about November 13, 2009, against the following defendants: D.J. Hager, Massachusetts Department of Correction, Kathleen Dennehy, James Bender, Veronica Madden, and Timothy Hall. On December 15, 2009, the Court issued summons as to the defendants. See Docket Sheet. Plaintiff then filed a Motion for an Extension of Time to make service on March 12, 2010. See Docket Sheet, at Docket #13. This Court then allowed this motion on March 30, 2010, granting plaintiff ninety (90) days to make service upon defendants. Thus, service must have been procured by June 28, 2010.

The Massachusetts Department of Correction, Kathleen Dennehy, and Timothy Hall were not served with the Complaint, and there has been no proof of service returned for them. See Docket Sheet. Pursuant to Fed. R. Civ. P. 4(m), service of the Complaint is to be made within 120 days of filing the Complaint unless good cause is shown and the Court allows additional time. In this case, the Court allowed an additional ninety (90) days, and plaintiff still has not served the summons and complaint as required by Fed.R.Civ.P. 4(c)(1). Thus, the Massachusetts Department of Correction, Kathleen

---

[1] As an employee of the Department's medical subcontractor, undersigned counsel does not represent this defendant. This defendant is represented by separate private counsel.

Dennehy, and Timothy Hall were required to be served by June 28, 2007.

Plaintiff's claims against the Massachusetts Department of Correction, Kathleen Dennehy, and Timothy Hall must be dismissed for failure to serve pursuant to Fed. Civ. P. 12(b)(5).

II. **STANDARD OF REVIEW**

The standard for review of the adequacy of a complaint under Mass. R. Civ. P. 12(b)(6) was recently revised by first, the United States Supreme Court and subsequently, the Supreme Judicial Court in the cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008). Both Court's adopted the following new standard: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." (internal citations omitted). Bell Atlantic, 550 U.S. at 545. In revising the standard of review established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the Supreme Court stated that under Conley's "no set of facts" standard, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Bell Atlantic, 550 U.S. at 561. The Iannacchino Court stated: "[W]e agree with the Supreme Court's analysis of the Conley language, which is quoted in our decision in Nader v. Citron, 372 Mass. 96, 98 (1977), and we follow the Court's lead in retiring its use." Iannacchino, 451 Mass. at 636. The Court now requires a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts

3

where such amplification is needed to render the claim plausible." Ashcroft, et al., v. Iqbal, et al., 129 S.Ct. 1937, 1944 (2009)(internal quotations omitted), *citing* Twombly, supra. Plaintiff has not identified any specific factual allegations against any named defendants. Moreover, his claims fail as a matter of law and must be dismissed.

### III. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY COGNIZABLE CLAIMS SUPPORTED BY FACTUAL ALLEGATIONS AGAINST DEFENDANTS.

The appearance of a *pro se* litigant is the equivalent of an appearance by an attorney in a civil case. Comm. v. J.J. Duffy Adjustment Service, Inc., 31 Mass. App. Ct. 949, *rev. denied* 411 Mass. 1105 (1991). As such, *pro se* litigants "are held to the same standards as practicing members of the bar." Comm. v. Jackson, 419 Mass. 716, 719 (1995). Thus, plaintiff is bound by the Federal Rules of Civil Procedure and the local rules just as other litigants are bound by these rules. U.S. v. Heller, 957 F.2d 26, 31 (1st Cir. 1992)(*pro se* status does not absolve litigant from compliance with federal rules of civil procedure); FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994); Kuehl v. FDIC, 8 F.3d 905 (1st Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989)(*in forma pauperis* status did not exempt *pro se* prisoner from requirement that witness fees be tendered with subpoenas); American Inmate Paralegal Service v. Cline, 859 F.2d 59 (8th Cir. 1988)(*pro se* litigants are not excused from compliance with court orders or substantive or procedural law); Lefebvre v. C.I.R., 830 F.2d 417, 419 (1st Cir. 1987); Andrews v. Bechtel Power Corp., 780 F.2d 124, 141 (1st Cir. 1985), *cert. denied*, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986)(rules of evidence cannot be bent for *pro se* litigant); Mmoe v. Comm., 393 Mass. 617, 620 (1985). The facts alleged in the Complaint, although extremely disjointed, has endured some sort of deprivation while being housed

4

at SBCC due to his treatment based upon his mental health. Plaintiff makes absolutely no factual allegations against any of the named DOC defendants in his Complaint. The only place that the named DOC defendants are mentioned in the entire Complaint is in the case caption, the identification of the parties, and one statement in Count One stating that defendants have made a "policy and practice," of imposing "periods of segregated confinement upon convicted prisoners with serious mental illness." Complaint, at ¶122.

No specific statements or allegations are identified, and there are no factual allegations as to what James Bender or Veronica Madden[2] did or failed to do that amounted to a violation of plaintiff's rights. Where a complaint alleges no specific act or conduct on the part of defendant(s) and the complaint is silent as to a defendant except for his/her name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints. Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974); see also Mmoe, surpa.

To the extent plaintiff's theory of liability is based upon Bender and/or Madden's supervisory status, the complaint must still be dismissed because supervisory liability may not be predicated upon a theory of *respondeat superior*. Monell v. Dept. of Social Services, 436 U.S. 658, 690-92 (1978); Gurtierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989) (citations omitted).

In the absence of personal involvement, a supervisor is liable for the acts of a subordinate only if (1) the subordinate's behavior results in a constitutional violation and (2) the supervisor's action was "affirmatively linked" to the behavior only in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence

or gross negligence amounting to deliberate indifference.  Hegarty v. Somerset County, 53 F. 3d 1367, 1379-1380 (1st Cir. 1995).  Negligence is inadequate to establish supervisory liability.  Febus-Rodriguez v. Betancourt-Lebron, 14 F. 3d 87 (1st Cir. 1994). Plaintiff must show that the supervisor acted with deliberate indifference, in addition to a causation requirement linking the supervisor's conduct to the subordinates violative conduct.  Maldonado-Denis v. Castillo-Rodriguez, 23 F. 3d 576, 582 (1st Cir. 1994); Febus-Rodriguez, *supra*, at 92 (supervisor's acts or omissions must amount to the reckless or callous indifference to the constitutional rights of others; i.e., that it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights).  Plaintiff alleges no facts linking any of the defendants to any alleged constitutional violations.  Moreover, plaintiff fails to allege that defendants supervised any other individual, and in fact, there are no subordinates named in the Complaint.

Accordingly, as a matter of law, defendants Bender and Madden must be dismissed from this action.

## IV. DOC DEFENDANTS ARE, AT THE VERY LEAST, ENTITLED TO A MORE DEFINITE STATEMENT.

At the very least, the DOC defendants seek a more definite statement pursuant to Fed. R. Civ. P. 12(e), where plaintiff's Complaint, as currently drafted, is so overly verbose and superfluous but otherwise lacking in pertinent details, that Defendants cannot reasonably frame a response.

Fed.R.Civ.P. 8(a)(2) requires that a claim for relief set forth, inter alia, "a short

---

[2]  Because plaintiff has failed to serve defendants Dennehy and Hall, these defendants need not respond to specifics in the Complaint; however, even considering the face of the Complaint, plaintiff fails to allege any factual allegations against these defendants.

6

and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 10(b) addresses the organization of the averments and requires that they shall be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Additionally, Rule 10(b) requires that each claim founded upon a separate transaction or occurrence be stated in a separate count whenever a separation facilitates the clear presentation of the matters set forth.

In the instant matter, plaintiff appears to take issue with his mental health treatment, which does not involve any of the DOC defendants, and with his housing within the Department. Rather than alleging as much through a "short and plain statement," however, Plaintiff, in violation of the requirements of both Fed.R.Civ.P. 8(b) and 10(b), fills his Complaint with argument and rhetoric relative to a variety of topics having no apparent connection to the supposed allegations in his Complaint. For instance, plaintiff's commentary ranges from another alleged inmate, "Entwistle" being housed near him, Complaint at ¶¶14-16, to his paranoia and PTSD, Complaint at ¶¶29-31. However, the Complaint fails to delineate how plaintiff himself has been damaged by DOC defendants' alleged wrongdoing as opposed to merely his own mental health issues. See id., generally. In short, it is virtually impossible to determine either the facts upon which the Plaintiff relies or the claim(s) which he is attempting to make. At best, DOC defendants interpret plaintiff's claims to seek relief for unidentified time that he has spent in segregation despite his mental health issues. If, in fact, this is what plaintiff is attempting to litigate, this issue is being thoroughly litigated in this Court in front of Chief Justice Mark Wolff in <u>Disability Law Center, Inc. v. Massachusetts Department of</u>

Correction, et al., 07-cv-10463. Disability Law Center, Inc., (DLC) has representational standing with regard to those inmates housed within the DOC with mental health problems. In the above case, DLC is specifically challenging the housing of inmates with mental illness in segregation settings. As such, it would be a waste of judicial resources for plaintiff to separately litigate that issue here.

Without clearer and more specific set of pertinent and relevant facts and counts directed at one or more particular defendants, defendants cannot reasonably respond to plaintiff's Complaint. A complaint must contain the allegations of fact to support the essential elements of the claim. Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 35 (1st Cir. 1996). Only well pleaded facts are taken as true. The Court is not to accept a complainant's unsupported conclusions or interpretations of law as fact. Brown v. Hot, Sexy and Safer Products, Inc., 68 F.3d 525, 530 (1st Cir.1995). In short, plaintiff's lack of both facts and specificity as to which facts and counts apply to each of the DOC defendants leaves his Complaint unreasonably vague and should not be accepted by the Court in its current form.

Therefore, where they would be prejudiced without a more definite statement, defendants respectfully move that plaintiff be required to file an Amended Complaint setting out the facts and cause(s) of action and stating in a clear and concise manner what each defendant specifically did which forms the basis of his Complaint.

V.  **DOC DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

"[G]overnment officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982).  In determining whether an official is entitled to qualified immunity, the Court should consider whether the unlawfulness of the official's actions is apparent.  Anderson v. Creighton, 107 S.Ct. 3034, 3039 (1987).  Specifically, "qualified immunity sweeps so broadly that **all but the plainly incompetent or those who knowingly violate the law are protected from civil rights suits for money damages**."  Hegarty v. Somerset County, 53 F.1367, 1373 (1st Cir. 1995)(internal quotations omitted and emphasis added).

The central purpose of affording government officials qualified immunity from suit is to protect them "from undue interference with their duties and from potentially disabling threats of liability."  Elder v. Holloway, 114 S.Ct. 1019 (1994); *citing* Harlow, supra, at 806.  Qualified immunity plays a critical role in striking the "balance . . . between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties."  Davis v. Sherer, 468 U.S. 183, 195 (1984).

The First Circuit has identified the following two prongs to the basic qualified immunity analysis:

> First, the court must establish whether the constitutional right asserted by the plaintiff was "clearly established" at the time of the alleged violation.  Second, the court must ask "whether a reasonable official situated in the same circumstances should have understood that the challenged conduct violated that established right."

Hegarty v. Somerset County, 53 F.3d 1367, 1373 (1st Cir. 1995) *citing* Burns v. Loranger, 907 F.2d 233, 235-236 (1st Cir. 1990).  Whether an asserted federal right was "clearly established" at the particular time that the violation purportedly occurred is a question of law not fact.  St. Hilaire v. City of Laconia, 71 F.3d 20, 24 (1st Cir. 1995)

9

*citing* Elder, supra, at 1023. "For purposes of determining qualified immunity, the officer's actions are measured by a standard of objective legal reasonableness . . . in light of the legal rules that were clearly established at the time [they] were taken." St. Hilaire, supra, at 24, *citing* Anderson, supra, at 639. Qualified immunity, therefore, does not turn on the government official's state of mind, but rather, on the "objective reasonableness" of the official's action, in light of the legal rules that were "clearly established" at the time the action was taken. Id.

Recognizing that the use of summary judgment in qualified immunity cases could be undermined by a "passably clever plaintiff [who] would always be able to identify an abstract clearly established right that the defendant could be alleged to have violated," the Supreme Court held that a broad articulation of the "clearly established" law at the time of the alleged violation is inappropriate, stating:

> [T]he right the official is alleged to have violated must have been "clearly established" in the more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

St. Hilaire, supra, at 24, *citing* Anderson, supra, at 640, n.2.

More important, as to the second prong of this test, plaintiff has not pled and cannot demonstrate that a reasonable official in defendants' circumstances would have known that a clearly established right was being violated in his housing at SBCC. Plaintiff's Complaint appears to allege that he suffers from some sort of serious mental illness and that he has suffered while incarcerated as a result of this mental illness. Although plaintiff identifies numerous destructive behaviors that he has engaged in, his Complaint itself, however, alleges various meetings with mental health and treatment for his illness. Based upon what plaintiff has alleged, the DOC defendants are entitled to

10

qualified immunity, as they have not violated any clearly established right of plaintiff, and defendants have acted consistent with a reasonable correctional official throughout all actions alleged in the Complaint.

## **CONCLUSION**

For the foregoing reasons, defendants request that this Motion to Dismiss be ALLOWED.

Respectfully Submitted,

NANCY A. WHITE
Special Assistant Attorney General

Dated:  June 28, 2010

/s/ Julie E. Daniele
Julie E. Daniele
BBO#600093
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 115