UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12001-GAO

THOMAS WILLIAMS,
Plaintiff,

v.

D.J. HAGER, MASSACHUSETTS DEPARTMENT OF CORRECTION, KATHLEEN DENNEHY, JAMES BENDER, VERONICA MADDEN, and TIMOTHY HALL,
Defendants.

OPINION AND ORDER
March 14, 2011

O'TOOLE, D.J.

On November 13, 2009, the plaintiff, Thomas Williams, a prisoner in custody at the Souza-Baranowski Correctional Center filed a self-prepared complaint against various prison staff members and officials setting forth federal constitutional and statutory claims, as well as state tort claims. The defendants, with the exception of D.J. Hager,[1] have moved to dismiss the complaint on various grounds.

**I.      Claims against Department of Corrections, Kathleen Dennehy, and Timothy Hall**

First, the Massachusetts Department of Corrections ("DOC"), Kathleen Dennehy, and Timothy Hall have moved to dismiss all claims against them because they were never served. Summonses were issued as to the defendants and mailed to Williams on December 15, 2009. Normally, a plaintiff has 120 days in which to effect service, see Fed. R. Civ. P. 4(m), but Williams requested additional time, which the Court granted. The extended period of time for

---

[1] Hager, represented by different counsel, has filed a motion for summary judgment.

Williams to effect service expired on June 28, 2010, the date the defendants filed their motion to dismiss.

In response, Williams claims he attempted to serve the three defendants through the Marshal's Service, but the summonses were returned unexecuted because his DOC summons was not issued to an individual and because Dennehy and Hall were no longer employed by the DOC. The process receipt and return submitted as exhibits to his opposition supports his contentions. Furthermore, he explains that, as a prisoner who has been segregated under mental health watch and who has been transferred to different facilities, he does not have control over or access to his legal documents.

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not timely served, the court must dismiss the action without prejudice or order that service be made within a specified time. If a plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period. Id.

William's *pro se* status is not automatically sufficient to constitute good cause for purposes of Rule 4(m). McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, 4B Fed. Practice & Procedure: Civil § 1137, at 342 (2002)). There is some authority to suggest that when a *pro se* prisoner proceeding *in forma pauperis* gives sufficient information to identify a former prison employee, including the last work address known to him, as was the case for Dennehy and Hall, the failure of the Marshals' Service to effect service constitutes good cause within the meaning of Rule 4(m). See Ruddock v. Reno, 104 F. App'x 204, 206-07 (2d Cir. 2004); Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). However, the Marshal's receipt shows that he tried to effect service in mid-March, months before Williams's deadline and during a time in which Williams reports his mental health

problems were "stabilized" and he felt he was in a "better position to move forward" with his claims. (Pl.'s Aff. in Supp. of Mot. for Enlargement of Time Pursuant to Fed. R. Civ. P. 6(b), at 2 (dkt. no. 13-2).) Williams did not petition the Court for new summonses or for additional time at that point, nor does he provide adequate justification now for his failure to attempt to remedy the defects. Williams claims that his legal documents were withheld from him, but he was nevertheless able to respond to the motion to dismiss with a request for additional time without his legal documents, and he offers no reason why he would not have also been able to do so earlier.

Consequently, the claims against the Department of Corrections, Dennehy, and Hall are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## II. Claims Against James Bender and Veronica Madden

Williams also names as defendants James Bender, the Deputy Commissioner of DOC, and Veronica Madden, Associate Commissioner of Reentry and Reintegration of the DOC, both in their individual and official capacities. The defendants move to dismiss the claims against them, contending that there are no factual allegations as to what Bender or Madden did or failed to do that amounted to a violation of Williams's rights. The defendants further argue that, to the extent that Williams's theory of liability is based on their supervisory status, the complaint must be dismissed because supervisory liability cannot be predicated upon a theory of *respondeat superior*.

A supervisor may be held liable if he formulates a policy or engages in a practice that leads to a subordinate's constitutional violation. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). To sustain a cause of action based on a theory of supervisory liability, a plaintiff must establish that "(1) the behavior of [the supervisor's] subordinates results

in a constitutional violation and (2) the [supervisor's] action or inaction was 'affirmative[ly] link[ed]' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence [of the supervisor] amounting to deliberate indifference.'" Hegarty v. Somerset Cnty., 53 F.3d 1367, 1379-80 (1st Cir. 1995) (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902-03 (1st Cir. 1988) (emphasis omitted)). To prove deliberate indifference, a plaintiff must show "(1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk." Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998). Although a supervisor need not have actual knowledge of the offending behavior, he may be held liable if he "formulates a policy or engages in a practice that leads to a civil rights violation committed by another." Id.

As to Bender and Madden, Williams does not make any specific factual allegations against them that would support a cause of action based on a theory of supervisory liability. He states that Bender is responsible for ensuring compliance with federal and state law and that Madden is responsible for the provision of mental health care for prisoners in segregated confinement, but he does not link them to any of the alleged constitutional violations, such as by alleging that they supervised anyone, formulated any policies, or had any power or authority to alleviate his situation. See Maldonado-Denis, 23 F.3d at 582. The allegations are insufficient to establish the required "affirmative link" to show that his conduct "led inexorably to the constitutional violation." See Hegarty, 53 F.3d at 1380.

The same defect dooms his remaining non-constitutional claims. Williams offers no particularized information about how either defendant was involved or otherwise responsible for any act or omissions alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6)

4

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotations and citations omitted). The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). Williams states many factual details as to the conditions of his confinement, placement in segregation, and his mental health, but he does not offer any allegations that adequately point the finger at these defendants for his purported injuries.

### III.   Williams's Motions

Williams seeks issuance of new summonses, additional time to serve DOC, Hall, and Dennehy, and a copy of the complaint and relevant orders. His request for copies of papers from the docket is GRANTED. However, in light of the foregoing decision, Williams's request for new summonses and additional time to effect service is DENIED.

Williams has also filed a Motion for an Order Restraining Defendants from Tampering with Plaintiff's Legal Documents (dkt. no. 23). A prisoner's right of access to the courts can be violated when prison officials deny a prisoner access to legal materials, see Simmons v. Dickhaut, 804 F.2d 182, 183-84 (1st Cir. 1986). "On the other hand, it would be unrealistic to expect prison authorities to give all prisoners unfettered access to all of their legal materials at all times." Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991). They "may have good reason, based on considerations of safety and security, to limit the amount of legal documents . . . that prisoners may keep with them; if they implement those regulations fairly, the prisoners subject to the regulations will still be able to participate meaningfully in the legal process." Id.

It is unclear at this point to what extent Williams's legal materials are withheld and for what reasons. In light of the undeveloped record, Williams's motion is DENIED without prejudice at this stage.

Finally, his Motion for Appointment of Counsel and Enlargement of Time Period to Respond to Motion for Summary Judgment (dkt. no. 29) is GRANTED. The clerk shall appoint counsel for Williams, and he shall have sixty (60) days thereafter to respond to the summary judgment motion and file any amended pleadings against the defendants dismissed without prejudice for lack of timely service.

## IV. Conclusion

For the foregoing reasons, DOC Defendants' Motion to Dismiss (dkt. no. 20) is GRANTED. The claims against DOC, Dennehy, and Hall are dismissed without prejudice and the claims against Bender and Madden are dismissed with prejudice.

Williams's Motion for Issuance of Summonses (dkt. no. 24) is GRANTED IN PART and DENIED IN PART, his Motion for an Order Restraining Defendants from Tampering with Plaintiff's Legal Documents (dkt. no. 23) is DENIED without prejudice, and his Motion for Appointment of Counsel and Enlargement of Time Period to Respond to Motion for Summary Judgment (dkt. no. 29) is GRANTED.

It is SO ORDERED.

                                        /s/ George A. O'Toole, Jr.
                                          United States District Judge